LOUISE M. THORNTON AND EDWARD D. THORNTON, APPELLANTS, v. DOUGLAS A. CATER, RESPONDENT.

Argued March 9, 1920—Decided June 14, 1920.

Under the proofs submitted on the part of the plaintiff, and the presumptions arising thereon, the question whether she was exercising reasonable prudence and caution in crossing a highway in front of the approaching automobile of the defendant was one of fact to be determined by the jury and not one of law to be resolved by the court.

———

On appeal from the Supreme Court.

For the appellants, *Raymond, Clancy, Marsh & Ellis.*

For the respondent, *Kalisch & Kalisch.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for personal injuries received by the female plaintiff. She was struck by an automobile belonging to the defendant while crossing Harrison street, in the city of East Orange. The trial resulted in a nonsuit, the court considering that it plainly appeared from the testimony submitted by the plaintiffs that Mrs. Thornton was guilty of contributory negligence.

The accident occurred about half-past six in the evening of November 2d, 1918. Mr. and Mrs. Thornton started to cross Harrison street, at its intersection with Berwin, from west to east. When they reached the curb on the west side of the street, Mrs. Thornton observed the car of the defendant approaching from the south, and apparently something like three hundred feet away. Harrison street is forty feet in width; just how much of this width is taken up by the sidewalks does not appear, but evidently the roadway must be comparatively narrow. After observing the approaching car, which apparently was traveling rapidly, Mrs. Thornton started to cross the street without making any further observation. She had almost reached the other side, not being more than a foot from the easterly curb, when she was struck.

Counsel on both sides in discussing the case before us seemed to consider that it was, in its legal aspect, similar to those in which the accident occurred at a steam railroad crossing, or while the plaintiff was attempting to cross in front of a moving trolley car, and referred us to a number of our decisions dealing with accidents so occurring. But we think there is a marked distinction between accidents of the character referred to and that which is the present subject of consideration. And in this respect: A steam railroad train, or a trolley car, is inflexible in its movement; that is to say, each one of them travels in a straight line, upon rails laid down to carry it; the person operating either the one or the

other can only avoid a collision with a person attempting to cross the tracks by bringing the train or the car to a standstill; this every person who attempts to cross in front of one of these instruments of commerce is presumed to know; and in determining whether a person attempting to do this is guilty of contributory negligence, the imputed knowledge is a potent factor. But the situation is entirely different where the vehicle in front of which the traveler on the highway attempts to pass is an automobile, for the driver of the latter has the full width of the roadway (except to the extent that it is occupied by other vehicles) in which to maneuver his car in order to avoid a collision. This is a matter of common knowledge, and is naturally taken into consideration by a person attempting to cross a public street through traffic.

In determining whether or not this nonsuit was properly directed, every presumption of fact must be resolved in favor of Mrs. Thornton. She saw the automobile approaching; she perceived that it was three hundred feet away as she stepped off the westerly curb; she knew that the roadway was a very narrow one; she had a right to assume that her passage across the street would be observed by the driver of the defendant's car; she knew that he could utilize the full width of the street to avoid running her down, for the evidence showed that there was no obstruction in the street to prevent such free use of it by him. We do not think it can be said as a matter of law that a reasonably prudent person exercising due care for her own safety would not have acted as Mrs. Thornton did in the situation which was presented to her mind. In other words, that the existence of negligence on her part was a matter for the jury, and not for the court, to settle, in view of all the facts and presumptions which have been indicated.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 12.